**OTTER POINT DEVELOPMENT CORPORATION**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, BALTIMORE DISTRICT.**

No. CIV.JFM–99–3050.

United States District Court, D. Maryland.

Aug. 17, 2000.

Francis R. Laws, Kollman & Sheehan, P.A., Baltimore, MD, for plaintiff.

P. Michael Cunningham, Office of U.S. Attorney, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

MOTZ, District Judge.

Plaintiff, Otter Point Development Corporation ["OPDC"] filed suit against the United States Army Corps of Engineers, Baltimore District ["USACE"], on October 6, 1999, seeking declaratory and injunctive relief in connection with the issuance of wetlands permits. On May 11, 2000, USACE filed a motion to dismiss the case on mootness grounds. The motion will be granted.

## I.

OPDC owns approximately forty-five acres of land, known as Long Bar Harbor, in Harford County, Maryland. The property is comprised, in part, of low-lying areas, which USACE contends are non-tidal wetlands under the Clean Water Act. In 1993, OPDC applied for a permit to fill these wetlands as part of a project to develop Long Bar Harbor into 137 single-family housing units. OPDC contends that USACE wrongfully refused to issue the permit.

Between 1993 and 1997, the parties had occasional friction over Long Bar Harbor, but OPDC apparently continued to develop the property. In January 1997, however, USACE issued a Cease and Desist Order to halt construction at Long Bar Harbor due to alleged violations of the Clean Water Act. On May 14, 1998, the parties entered into a Settlement Agreement and Mutual Release ["the Agreement"]. Pursuant to the Agreement, OPDC paid $5,000.00 to the United States and agreed to undertake restoration projects at Long Bar Harbor. In addition, the Agreement required OPDC to submit a mitigation plan to USACE before taking any activity affecting certain wetlands at the site. In return, USACE consented to "mail or otherwise send written coordination or comments and/or approvals within ten (10) working days from the date that it receives plans" from OPDC. The Agreement further provided that the plans submitted by OPDC would be "deemed approved" if USACE did not provide written correspondence within the 10 day turnaround period.

On June 18, 1999, OPDC submitted a mitigation plan to USACE. After USACE orally informed OPDC on July 6, 1999, that it would not approve the plans, it sent a letter to OPDC on August 9, 1999, stating that the plan had been disapproved.

OPDC filed suit in this court on October 6, 1999, alleging that USACE's delay in responding to its mitigation plan breached the Agreement and rendered the property at Long Bar Harbor economically useless. In addition, OPDC alleges that USACE intentionally and wilfully interfered with the development of Long Bar Harbor, harmed OPDC's business and contractual relationships, and effected a constitutional taking of property. OPDC's complaint seeks two forms of relief. First, OPDC requests a declaratory judgment that USACE's failure to respond in writing to the mitigation plan constitutes an approval of the plan and that OPDC is entitled to a nationwide permit for the development of Long Bar Harbor. Second, OPDC seeks an injunction requiring USACE to issue all permits necessary for development of Long Bar Harbor.[1]

On November 5, 1999, USACE sent a letter to OPDC stating that it had concluded that the June 14, 1999, mitigation plan satisfied the terms of the Agreement. The letter further granted OPDC permission to begin work in Long Bar Harbor Section 5 while it negotiated a conservation easement.

In its motion to dismiss, USACE claims that it granted OPDC permission to develop its property by way of the November 5, 1999, letter and a subsequent oral approval. USACE also asserts that it is and will remain in compliance with the Agreement. Consequently, USACE argues that OPDC "has obtained the relief it sought in the complaint and the controversy is moot." OPDC, on the other hand, argues that the case is not moot because the requested declaration and injunction are necessary for OPDC to proceed with development and convey good title when it sells the lots. In addition, OPDC maintains that the parties have cognizable interests in the outcome of this suit because they dispute whether the Agreement was breached. Finally, OPDC contends that a finding of mootness would allow USACE to escape

1. OPDC also requested in both claims that the Court grant such further relief as may be proper.

judicial review by simply claiming it will abide by the Agreement.

## II.

■ Pursuant to Article III of the United States Constitution, federal courts lack jurisdiction[2] to decide moot cases. *See Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). At that point, the court is unable to grant "any effectual relief whatever" to the parties. *Church of Scientology of Calif. v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). Although "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case .... [t]he case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.,* 345 U.S. 629, 632–33, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). Similarly, "the court's power to grant injunctive relief survives discontinuance of the illegal conduct .... [b]ut the moving party must satisfy the court that relief is needed .... [by showing] some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id.* at 633, 73 S.Ct. 894. The same principles apply when the plaintiff seeks a declaratory judgment rather than an injunction. *See Chamber of Commerce v. United States Dep't of Energy,* 627 F.2d 289, 292 (D.C.Cir.1980).

■ Here, OPDC's complaint seeks a declaratory judgment that USACE approved of its mitigation plan and, therefore, development of Long Bar Harbor may continue in accordance with that plan. However, USACE has approved the miti-

gation plan and has stated that it will permit OPDC to continue development of Long Bar Harbor. The controversy surrounding these issues, therefore, is no longer "live" because USACE has consented to the requested relief. OPDC's complaint also seeks an injunction requiring USACE to immediately issue any and all permits necessary for OPDC to develop Long Bar Harbor. To the extent that this claim involves a permit in connection with the mitigation plan discussed above, it is no longer live. As noted, OPDC has received the requested relief because USACE has approved the mitigation plan and granted permission to continue development. To the extent that this claim involves permits beyond the scope of the Agreement, there is no basis for issuance of an injunction. OPDC has failed to identify any permits that have been wrongfully withheld, and evaluating the validity of future permits would engage the Court in mere guesswork.

■ Because there is no live controversy before me, this case should be dismissed as moot if USACE has demonstrated that "there is no reasonable expectation that the wrong will be repeated." *W.T. Grant Co.,* 345 U.S. at 633, 73 S.Ct. 894. I am satisfied that USACE has met this burden. USACE has stated that it has approved the necessary mitigation plan and intends to abide by the Agreement. Any alleged violations, therefore, have been remedied, and USACE's assurances are sufficient to convince me that the possibility of future breaches is insubstantial in this case. Accordingly, dismissal on the grounds of mootness is appropriate. *See DeFunis v. Odegaard,* 416 U.S. 312, 317–18, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Northern Virginia Women's Medical Center v. Balch,* 617 F.2d 1045, 1049 (4th Cir.1980); *Blackwell v. Thomas,* 476 F.2d 443, 445–46 (4th Cir.1973).

*Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 537, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978).

---

2. Because the question of mootness implicates this Court's jurisdiction, it must be resolved whenever it comes to light. *See St.*

OPDC argues that this case cannot be moot because it has requested "other relief" beyond declaratory judgment or an injunction. However, OPDC has failed to demonstrate a "cognizable danger of recurrent violation." *See W.T. Grant Co.*, 345 U.S. at 633, 73 S.Ct. 894. "The discretionary power to withhold injunctive and declaratory relief for prudential reasons, even in a case not constitutionally moot, is well established." *S–1 v. Spangler*, 832 F.2d 294, 297 (4th Cir.1987). As noted, the critical issues in this case have been resolved, and I am unable to grant the specific relief requested because USACE has already acceded to that relief. Although OPDC's complaint makes a request for "other relief" and refers to constitutional violations, it would be imprudent to address these issues because OPDC has not demonstrated the likelihood of future violations nor has it appropriately presented a claim for constitutional damages.

For these reasons, USACE's motion to dismiss will be granted.

### ORDER

In accordance with the attached Memorandum, it is this 17th day of August 2000, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion to Dismiss BE, and the same IS, hereby GRANTED;

2. That Plaintiff's claims BE, and the same ARE, hereby DISMISSED;

3. That the court close this file; and

4. That copies of this Memorandum and Order be mailed to counsel for the parties.